UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN LEE DUKE, (TDCJ–CID #02054172) Plaintiff, | § § § § | CIVIL ACTION NO. 4:19-cv-3353 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| JIM WALLACE, *et al.*, Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Before the Court is a complaint filed by Plaintiff Melvin Lee Duke and a second motion to proceed *in forma pauperis*. Dkts 1 and 9. The Court granted a prior request to proceed *in forma pauperis*. Dkt 8. The Court denies the second request as moot and dismisses his complaint as frivolous.

1. Allegations

Duke proceeds here *pro se*. He is an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ–CID). He is in prison on a 2016 conviction of evading arrest in Cause Number 144464001010. He received a sentence of thirty-five years.

In September 2019, he sued Jim Wallace, Judge of the 263rd Judicial District Court of Harris County, Texas; Courtney Rosen and Nathan Hennigan, Assistant District Attorneys for Harris County; Jerome Godinich, his court-appointed defense attorney; and Daucie Schindler, his court-appointed appellate attorney. He alleges civil rights violations resulting from a denial of due process and seeks $15 million in compensatory damages.

Duke asserts that during his criminal trial in March 2016, Judge Wallace, Rosen, Hennigan, and Godinich engaged in

professional misconduct. Duke alleges that the list of veniremembers to be stricken was the same for Judge Wallace, the prosecution, and Godinich. He asserts that Godinich actually prepared the list of strikes and that with minor alterations Judge Wallace and the State used the same list. He asserts that though the lists were written in marker or ink pen, they were all the same.

Duke alleges that Godinich and Schindler rendered ineffective assistance at trial and on appeal. As a result of the professional misconduct of the named defendants, he states that he was found guilty and sentenced to thirty-five years in prison. He also complains that Judge Wallace erred when he told a venireperson that there was no right to jury nullification.

2. Legal standard

A threshold issue is whether Duke's claims are frivolous. A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* at any time if the court determines that the action is frivolous or malicious. 28 USC § 1915(e)(2)(B)(i).

A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez,* 504 US 25, 31 (1992); *Richardson v Spurlock,* 260 F3d 495, 498 (5th Cir 2001), citing *Siglar v Hightower,* 112 F3d 191, 193 (5th Cir 1997). And it lacks *an arguable basis in law* "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v Scott,* 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder,* 105 F3d 1059, 1061 (5th Cir 1997).

3. Analysis

a. Claim based on judicial misconduct

Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction. *Stump v Sparkman*, 435 US 349, 356–57, 360 (1978). The Supreme Court construes a judge's jurisdiction broadly. The function performed governs the immunity analysis. For instance, see *Forrest v White*, 484 US 219, 229–30 (1988) (denying absolute immunity when judge performed administrative rather than judicial duties). A judge does not lose

immunity simply on assertion that the action he took was erroneous, malicious, or exceeded his authority. *Stump*, 435 US at 356.

Duke challenges actions and omissions of Judge Wallace, who presided over Duke's criminal trial. The allegations concern Duke's criminal case that was properly in Judge Wallace's court. The complained-of acts against Judge Wallace arose out of his handling of that case. Duke doesn't allege, and the record doesn't support, a clear absence of jurisdiction on the part of this judicial officer. And responding to questions from the venire and appointing appellate counsel are normal judicial functions.

Judge Wallace's challenged acts were judicial acts for which he is immune from suit. Duke's claims against him thus lack merit.

      b.   Claim based on prosecutorial misconduct

Prosecutors also have absolute immunity from damages claims when performing their duties as prosecutors. *Loupe v O'Bannon*, 824 F3d 534, 539 (5th Cir 2016). Such immunity applies to a prosecutor's actions when initiating a prosecution and in handling the case through the judicial process. Ibid. Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Van de Kamp v Goldstein*, 555 US 335, 342–43 (2009), quoting *Imbler v Pachtman*, 424 US 409, 430 (1976).

Duke seeks damages against two assistant district attorneys for conduct in the prosecution of his criminal case. These assistant district attorneys acted in furtherance of their advocacy function in their representation of the government. And the actions of which Duke complains relate to the judicial process.

Duke's claim against Rosen and Hennigan lacks merit because he sues them for actions taken in his prosecution. Absolute immunity precludes that claim.

      c.   Claim based on ineffective assistance of counsel

Duke brings his cause of action under 42 USC § 1983. This requires a showing that he suffered the deprivation of a right secured by the Constitution or laws of the United States and that

the deprivation was caused by someone acting under color of state law. *Baker v McCollan*, 443 US 137, 140 (1979).

Duke's attorneys, Godinich and Schindler, are not state actors. But section 1983's reach is limited solely to actions performed under color of law. See *Briscoe v LaHue*, 460 US 325, 329–30 (1983). Duke's claim against them for ineffective assistance is thus not cognizable. *Brooks v Hughes,* 98 F3d 868, 873 (5th Cir 1996), citing *Polk County v Dodson,* 454 US 312, 324-25 (1981); *Mills v Criminal District Court No. 3,* 837 F2d 677, 679 (5th Cir 1988) (holding private attorneys not official state actors and generally not subject to section 1983 claims).

Duke's civil rights claim against Godinich and Schindler lacks merit because they are not state actors.

4. Conclusion

The second motion filed by Melvin Lee Duke (TDCJ–CID Inmate #2054172) to proceed *in forma pauperis* is DENIED as moot. Dkt 9.

Duke's claims are DISMISSED WITH PREJUDICE under 28 USC § 1915(e)(2)(B)(i). His complaint filed lacks an arguable basis in law.

Any remaining pending motions are DENIED as moot.

The TDCJ–CID must deduct twenty percent of each deposit made to Duke's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10, until the filing fee obligation of $350 is paid in full.

The Clerk of Court will send a copy of this Order to TDCJ–CID–Office of the General Counsel at:

Capitol Station
PO Box 13084
Austin, Texas 78711
fax (512) 936–2159;
Inmate Trust Fund
PO Box 629
Huntsville, Texas 77342–0629

The Clerk of Court will also send a copy Order to Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on March 26, 2020, at Houston, Texas.

*[signature: Chas R Eskridge II]*

Hon. Charles Eskridge
United States District Judge